UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HECTOR RUBIO

                        Plaintiff,

-against-

THE UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES

                        Defendants
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

**CASE NUMBER:**

Plaintiff, HECTOR RUBIO, by and through his attorneys, SALENGER, SACK, KIMMEL & BAVARO, LLP, state as follows:

## JURISDICTION AND VENUE

1) This action is brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. Sections 1346, 2671-2680, against defendant THE UNITED STATES OF AMERICA, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2) Venue is proper in the Eastern District of New York pursuant to 28 USC Sections 1391(b)(1) and 1402(b), in that the United States of America is a defendant and the plaintiff resides in the Eastern District of New York.

3) The plaintiff, HECTOR RUBIO, resides at 151 Maple Street, Massapequa Park, N.Y. 11762.

4) Plaintiff filed a Claim with the Department of Health and Human Services on August 21, 2019, setting forth the name and address of the Claimant and his counsel, the time when, the place where and the manner in which the malpractice occurred and the injuries alleged to have been suffered by the Plaintiff.

5) That on January 27, 2020, the Department of Health and Human Services, by Jennifer B. Smith, Acting Deputy Associate General Counsel, forwarded a letter denying the tort claim. Accordingly, pursuant to Title 28 U.S.C. Section 2675, the claim has been "finally denied".

## NATURE OF THE ACTION

6) This is a medical malpractice action arising from the malpractice of various medical specialists, as well as medical staff, who deviated from the standard of care with respect to the medical treatment rendered at the Health Center at Brentwood aka HRH Care aka Hudson River Community Health aka Hudson River Health Care, Inc., located at 1869 Brentwood Road, Brentwood, N.Y. . to the plaintiff from 2/21/17 to 11/13/17 and possibly other dates presently unknown. As a result of the medical malpractice the plaintiff was caused to sustain severe, serious and permanent injuries, as well as lost earnings and medical expenses.

## PARTIES

7) At all relevant times, HECTOR RUBIO is a resident of the County of Suffolk, State of New York.

8) The United States of America is a political entity subject to suit pursuant to 28 U.S.C. Section 1346.

## STATUTORY BASIS OF LIABILITY AGAINST
## THE UNITED STATES OF AMERICA

9) This case is brought against THE UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES pursuant to 28 U.S.C. Section 1346(b)(1) and 2671-2680, commonly referred to as the "Federal Tort Claims Act". Liability of THE UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF HEALTH and HUMAN SERVICES, is predicated specifically on 28 U.S.C. Sections 1346(b)(1) and 2674 because the personal injuries and resulting damages that form the basis of this complaint were proximately caused by the professional negligence, wrongful acts and/or omissions of THE UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF HEALTH and HUMAN SERVICES, and through its employees, agents and/or staff.

10) Pursuant to 28 U.S.C. Section 2675, plaintiff HECTOR RUBIO submitted this claim by service of the Government Standard Form 95 to the appropriate agency of THE UNITED STATES OF AMERICA, namely the Department of Health and Human Services, on August 21, 2019.

11) On January 27, 2020, the Department of Health and Human Services, by Jennifer B. Smith, Acting Deputy Associate General Counsel, forwarded a letter denying the administrative tort claim. Accordingly, pursuant to Title 28 U.S.C. Section 2675, the claim has been "finally denied".

## AS AND FOR A FIRST CAUSE OF ACTION BASED UPON
## PROFESSIONAL NEGLIGENCE AND MEDICAL MALPRACTICE

12) Plaintiff incorporates by reference each and every prior and subsequent allegation as though more fully set forth herein.

13) Upon information and belief, the defendant, THE UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, operated, controlled, managed, owned and/or maintained the Health Center at Brentwood aka HRH Care aka Hudson River Community Health aka Hudson River Health Care, Inc., (hereinafter referred to as the facility), located at 1869 Brentwood Road, Brentwood, N.Y. 11717.

14) Upon information and belief, the aforementioned facility held itself out to Veterans and the public and plaintiff, as a facility that provided professional medical services.

15) Upon information and belief, the defendant, THE UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, owned, operated, and/or controlled various equipment and facilities at the aforementioned premises and employed physicians, medical assistants, physician assistants, nurses and other medical staff for the purpose of operating a medical practice and providing medical care and services to Veterans, the public and the plaintiff.

16) That at all times herein mentioned, Charles DeLaCuadra, D.O. was physician licensed to practice medicine in the State of New York.

17) That at all times herein mentioned, Charles DeLaCuadra, D.O. held himself out as a specialist in Family practice medicine.

18) At all times herein mentioned, Charles DeLaCuadra, D.O. was engaged in the practice of medicine at the previously described health care facility.

19) That at all times herein mentioned, Charles DeLaCaudra was an employee at the previously described facility.

20) That at all times herein mentioned, Charles DeLaCaudra, D.O. was an employee of the defendant, The United States of America.

21) That at all times herein mentioned, Charles DeLaCaudra, D.O. was acting within the course and scope of his employment with the defendant The United States of America and the United States Department of Health and Human Services.

22) That at all times herein mentioned, Lisa Wang, M.D., was physician licensed to practice medicine in the State of New York.

23) That at all times herein mentioned, Lisa Wang, M.D. was a PGY1 resident at the aforedescribed facility.

24) At all times herein mentioned, Lisa Wang, M.D. was engaged in the practice of medicine at the previously described health care facility.

25) That at all times herein mentioned, Lisa Wang, M.D. was an employee at the previously described facility.

26) That at all times herein mentioned, Lisa Wang, M.D., was an employee of the defendant, The United States of America and the United States Department of Health and Human Services.

27) That at all times herein mentioned, Lisa Wang, M.D. was acting within the course and scope of his employment with the defendant The United States of America.

28) That the defendant rendered medical care to the plaintiff on 2/21/17, on a date approximately 2 weeks after the initial visit of 2/21/17; 8/22/17, 9/6/17, 9/22/17, 11/13/17 and other possible dates presently unknown.

29) Plaintiff received medical care and treatment on the above mentioned dates.

30) The medical care rendered to the plaintiff by the defendant, included but was not limited to an evaluation with respect to his complaints of bright red blood in urine with clots, as well as back pain.

31) That at all times herein mentioned, defendant committed acts and/or omissions of professional negligence and/or medical malpractice and/or deviations from accepted standards of care and/or violations of patient safety rules in connection with their care and treatment of the plaintiff.

32) The defendant's, it's agent, servants, and/or employees, acts and/or omissions of professional negligence and/or medical malpractice and/or deviations from accepted standards of medical care and/or violations of patient safety rules, include but are not limited to failing to perform a proper physical exam; in failing to refer the plaintiff for diagnostic testing, in failing to refer the plaintiff for a CT scan of his kidneys; in failing to refer the plaintiff for an Ultrasound of his kidneys; in failing to refer the plaintiff for a CT scan of his abdomen/pelvis; in failing to refer the plaintiff for an abdominal/pelvic ultrasound; in failing to refer the plaintiff to a Urologist; in failing to refer the plaintiff to an outside facility; in failing to refer the plaintiff to a specialist to properly diagnose and treat the potential for kidney cancer; in failing got take a full and complete medical history; in failing to appreciate the serious nature of the blood and blood clots in the claimants urine as report to the facility on 2/21/17; in failing to follow up with the plaintiff; in failing to monitor the plaintiffs condition; in failing to diagnose cancer of the left kidney; in failing to formulate a differential diagnosis; in formulating an improper differential diagnosis; in failing to include kidney cancer as part of the differential diagnosis; in failing to include kidney disease as part of the differential diagnosis; in failing to recognize the

blood/blood clots in the plaintiff's urine could be a sign/symptom of kidney cancer; in failing to recognize that back pain coupled with the blood/blood clots in the urine could be a sign of kidney cancer; in failing to take any steps to work up the possibility of kidney cancer; in depriving the claimant of a chance for a better outcome/prognosis; in permitting the cancer to metastasize; in permitting the cancer to worsen; in failing to make an early diagnosis of the kidney cancer; in failing to treat and/or timely treat and/or properly treat the plaintiff condition; in permitting employees without the proper experience or training to diagnose and treat the plaintiff; in exposing the plaintiff to unnecessary risks of injury and disease; in failing to appreciate and/or act upon the plaintiff complaints/sign/symptoms; in causing all of the injuries and/or sequelae alleged in this matter and in otherwise failing to act within the standard of care.

33) That the defendant' aforedescribed professional negligence and malpractice were each a substantial factor(s) in causing and/or a proximate cause(s) of severe and permanent personal injuries suffered by the plaintiff including but not limited to the plaintiff becoming sick, sore, lame and disabled; severe pain and suffering and the metastasis of the kidney cancer the defendant failed to diagnose and treat, mental anguish; continuous medical treatment and expenses; loss of income, as well as other injuries and expenses and other severe and permanent personal injuries.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays for judgment as follows:

1. Damages in the sum of $3,000,000

2. Costs and attorney fees incurred herein.

3. Statutory interest and;

4. Such other and further relief as this Court may deem just and proper

Dated: Woodbury, N.Y.
      February 25, 2020

*(signature)*

Deborah S. Kurtz
SALENGER, SACK, KIMMEL & BAVARO, LLP
*Attorneys for Plaintiff*
180 Froehlich Farm Blvd
Woodbury, N.Y. 11797
(516) 677-0100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HECTOR RUBIO

                Plaintiff,

   -against-

THE UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES

                Defendants
----------------------------------------------------------------X

**CERTIFICATE OF MERIT**

      Deborah S. Kurtz, an attorney duly admitted to practice law in the State of New York, respectfully shows:

1. I am an Associate with the law firm Salenger, Sack, Kimmel & Bavarro, LLP, attorneys for the plaintiffs in the above captioned matter.

2. This is an action for medical malpractice.

3. I consulted with a medical expert, duly licensed, who is knowledgeable regarding the relevant issues herein.

4. On the basis of said consultation, I concluded that there exists a reasonable basis for the commencement of this action.

5. I state, under penalty of perjury, that the statements herein made are true, except as to such statements that are based upon information and belief, which statements I believe to be true.

Dated: Woodbury, N.Y.
       February 25, 2020

                                        Yours, etc.

                                        Deborah S. Kurtz
                                        SALENGER, SACK, KIMMEL & BAVARO
                                        *Attorneys for Plaintiff*
                                        180 Froehlich Farm Blvd
                                        Woodbury, N.Y. 11797
                                        (516) 677-0100