UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

HECTOR RUBIO,

                        Plaintiff,                          Civil Action
                                                                         No. 20-CV-1047

               -against-

                                                                          (Block, J.)
                                                                         (Lindsay, M.J.)
UNITED STATES OF AMERICA and UNITED STATES
DEPARTMENT OF HEALTH AND HUMAN SERVICES,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## ANSWER

      Defendant UNITED STATES OF AMERICA, by and through its attorney, Richard P. Donoghue, United States Attorney, Eastern District of New York, and Ekta R. Dharia, Assistant United States Attorney, of counsel, answers the correspondingly numbered paragraphs of the Complaint, upon information and belief, as follows:

      1.      The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, deny, except admit that Plaintiff purports to bring this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq.*, and aver that the FTCA authorizes claims against only the United States of America pursuant to 28 U.S.C. §§ 2679(a), (d)(1).

      2.      The allegations contained in this paragraph constitute legal conclusions to which no response is required.  To the extent this paragraph may be deemed to contain factual allegations, deny.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny, except admit that Plaintiff presented an administrative claim to the Department of Health and Human Services ("HHS") on or about August 21, 2019.

5. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny, except admit that HHS denied Plaintiff's administrative claim on or about January 27, 2020.

6. The allegations contained in this paragraph constitute legal conclusions and Plaintiff's characterization of his lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

8. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny, and aver that the FTCA authorizes claims against only the United States of America pursuant to 28 U.S.C. §§ 2679(a), (d)(1).

9. The allegations contained in this paragraph constitute legal conclusions and Plaintiff's characterization of his lawsuit to which no response is required. To the extent this paragraph may be deemed to contain factual allegations deny, except admit that Plaintiff purports to bring this action under the FTCA, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, and aver that the FTCA

authorizes claims against only the United States of America pursuant to 28 U.S.C. §§ 2679(a), (d)(1).

10. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny, except admit that Plaintiff presented an administrative claim to HHS on or about August 21, 2019.

11. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny, except admit that HHS denied Plaintiff's administrative claim on or about January 27, 2020.

12. Defendant repeats and reiterates its responses to the allegations in the foregoing paragraphs as if fully set forth herein.

13. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny, except admit that Hudson River Health Care ("HRHC") was deemed an employee of the Public Health Service by the HHS, Health Resources and Services Administration, Bureau of Primary Health Care for the time period complained of in this Complaint, pursuant to the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)-(n), and admit that HRHC operates a clinic located at 1869 Brentwood Road, Brentwood, New York 11717.

14. Deny, and aver that HRHC provides medical care to its patients within the scope of its FSHCAA grant.

15. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny, and aver that HRHC was deemed an employee of the Public Health Service by the HHS,

Health Resources and Services Administration, Bureau of Primary Health Care for the time period complained of in this Complaint, pursuant to the FSHCAA, and aver that HRHC provides medical care to its patients within the scope of its FSHCAA grant.

16. Admit.

17. Deny, except admit that Charles DeLaCuadra, D.O., provides medical care to his patients within the scope of his employment with HRHC.

18. Deny, except admit that Charles DeLaCuadra, D.O., provides medical care to his patients within the scope of his employment with HRHC.

19. Deny, except admit that Charles DeLaCuadra, D.O., provides medical care to his patients within the scope of his employment with HRHC.

20. Deny, except admit that Charles DeLaCuadra, D.O., acted within the scope of his employment with HRHC for the time period complained of in this Complaint.

21. Deny, except admit that Charles DeLaCuadra, D.O., acted within the scope of his employment with HRHC for the time period complained of in this Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

25. Deny.

26. Deny.

27. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny.

28. Deny, except admit that Plaintiff was provided medical care at HRHC on February 21, August 22, September 6, September 22, and November 13, 2017.

29. Deny, except admit that Plaintiff was provided medical care at HRHC on February 21, August 22, September 6, September 22, and November 13, 2017.

30. Deny, except admit that Plaintiff complained of blood in his urine and back pain during his visits to HRHC.

31. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny.

32. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny.

33. The allegations contained in this paragraph constitute legal conclusions to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, deny.

The allegations contained in the unnumbered "WHEREFORE" clause of the Complaint, entitled "PRAYER FOR RELIEF," and all of its subparts, constitute Plaintiff's prayer for relief to which no response is required. To the extent a response may be required, deny.

All allegations not specifically admitted or denied in the foregoing numbered responses are hereby denied.

## FIRST DEFENSE

The Complaint should be dismissed to the extent Plaintiff fails to state a claim upon which relief can be granted against the United States.

## SECOND DEFENSE

Plaintiff's claims are subject to, and limited by, the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

## THIRD DEFENSE

The Complaint should be dismissed to the extent that Plaintiff's claims are barred pursuant to any applicable exception to the FTCA, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

## FOURTH DEFENSE

The Complaint should be dismissed because Defendant United States, and any individuals "deemed" under the FSHCAA, 42 U.S.C. § 233(g)-(n), did not breach any duty owed to Plaintiff, were not negligent, and did not deviate from the relevant, acceptable standard of care.

## FIFTH DEFENSE

The Complaint should be dismissed because, at all times relevant to the incident or events giving rise to Plaintiff's Complaint, Defendant United States, and any individuals "deemed" under the FSHCAA, 42 U.S.C. § 233(g)-(n), possessed, applied, and used the knowledge, skills, and care ordinarily used by physicians and health care providers of the same type and specialty, giving due regard to the locality involved.

## SIXTH DEFENSE

The Complaint should be dismissed because the alleged acts and/or omissions of Defendant United States, and any individuals "deemed" under the FSHCAA, 42 U.S.C. § 233(g)-(n), were not the cause in fact or the proximate cause of any injury sustained by Plaintiff.

## SEVENTH DEFENSE

Plaintiff was negligent, which in whole or in part, caused or resulted in the claimed injury and/or damages, if any.

## EIGHTH DEFENSE

The negligence of Plaintiff was a superseding and/or intervening cause that either created or contributed to any injuries sustained by Plaintiff; as such, Defendant United States, and any individuals "deemed" under the FSHCAA, 42 U.S.C. § 233(g)-(n), are not liable for such injuries.

## NINTH DEFENSE

If any person or entity was negligent, other than Plaintiff, such person or entity is not a party to this action.

## TENTH DEFENSE

To the extent that Plaintiff received treatment from others besides Defendant United States, and that treatment was a superseding and/or intervening cause that either created or contributed to any injuries sustained by Plaintiff, Defendant United States is not liable for such injuries.

## ELEVENTH DEFENSE

If Plaintiff sustained any injuries or damages, those injuries or damages resulted from unavoidable medical complications for which Defendant United States is not responsible.

## TWELFTH DEFENSE

Plaintiff's claim for lack of informed consent must be dismissed pursuant to NY Pub. Health L. § 2805-d because Defendant and those individuals "deemed" under the FSHCAA, 42 U.S.C. § 233(g)-(n), did not provide Plaintiff with non-emergency treatment, procedure, surgery, or a diagnostic procedure which involved an invasion or disruption to the integrity of Plaintiff.

## THIRTEENTH DEFENSE

A reasonably prudent person in Plaintiff's position would not have refused to undergo any treatment provided by Defendant and those individuals "deemed" under the FSHCAA, 42 U.S.C. § 233(g)-(n), if they were reasonably informed of any reasonably foreseeable risks associated with the treatment.

## FOURTEENTH DEFENSE

At all relevant times, prior to the administration of health care treatment, Plaintiff was informed, as a reasonable medical practitioner under similar circumstances would have informed Plaintiff, of alternative health care options and/or the reasonably foreseeable risks and benefits involved and these risks and benefits were conveyed to Plaintiff in a manner that permitted Plaintiff to make a knowledgeable evaluation.

## FIFTEENTH DEFENSE

Having been informed of the potential risks involved with any health care treatment at issue, by consenting to proceed with such health care treatment, Plaintiff assumed all such risks.

## SIXTEENTH DEFENSE

Assuming *arguendo* that Plaintiff was not fully informed of the reasonably foreseeable risks associated with any health care treatment at issue, which Defendant United States denies, Plaintiff cannot show that any lack of informed consent is a proximate cause of the injury for which recovery is sought.

## SEVENTEENTH DEFENSE

To the extent Plaintiff claims negligent hiring, the Complaint should be dismissed as to those individuals "deemed" under the FSHCAA, 42 U.S.C. § 233(g)-(n), as having acted within the scope of their employment.

### EIGHTEENTH DEFENSE

The Complaint should be dismissed to the extent that Plaintiff seeks to recover pre-judgment interest or punitive damages pursuant to 28 U.S.C. § 2674.

### NINETEENTH DEFENSE

Plaintiff's damages should be limited to the amount of damages alleged in the administrative claim, pursuant to 28 U.S.C. § 2675(b).

### TWENTIETH DEFENSE

To the extent any damages are recoverable against Defendant United States, the amount of such damages should be diminished in the proportion to which the comparative negligence and/or assumption of risk attributable to Plaintiff bears to the negligence, if any, of Defendant United States pursuant to CPLR § 1411.

### TWENTY-FIRST DEFENSE

To the extent any damages are recoverable against Defendant United States, the amount of such damages should be diminished pursuant to CPLR § 4545 and/or any other applicable New York State law by those amounts which have been, or will, with reasonable certainty, be reimbursed or indemnified, in whole or in part, from any collateral source.

### TWENTY-SECOND DEFENSE

To the extent any damages are recoverable against Defendant United States, the amount of such damages should be discounted to present day value.

### TWENTY-THIRD DEFENSE

Defendant United States' liability, if any, with respect to any claim by Plaintiff for non-economic loss is limited pursuant to CPLR § 1601 to an equitable share determined in accordance with the relative culpability of all persons or entities causing or contributing to the total liability

for non-economic loss, including persons or entities over whom Plaintiff could have obtained jurisdiction with due diligence.

## TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to a trial by jury on his claims arising under the FTCA, pursuant to 28 U.S.C. § 2402.

## TWENTY-FIFTH DEFENSE

Attorney's fees, if any, are taken out of the judgment or settlement and are governed by 28 U.S.C. § 2678.

## TWENTY-SIXTH DEFENSE

Any recovery by Plaintiff is subject to the availability of appropriated funds pursuant to 42 U.S.C. § 233(k).

## TWENTY-SEVENTH DEFENSE

Plaintiff may not assert claims against Defendant United States in this action for which Plaintiff has failed to exhaust his administrative remedies, 28 U.S.C. § 2675(a).

## TWENTY-EIGHTH DEFENSE

Defendant United States of America is not liable for interest prior to judgment or punitive damages, 28 U.S.C. § 2674.

## TWENTY-NINTH DEFENSE

The claims against Defendant United States should be dismissed in their entirety because neither Defendant United States, nor any of its employees, agents or representatives breached any recognizable duty to Plaintiff.

## THIRTIETH DEFENSE

Defendant United States asserts that it has, or may have, additional defenses which are not presently known to Defendant at this time, but which may be ascertained through discovery.

Defendant United States specifically preserves these and other defenses as they may be ascertained through ongoing discovery.

WHEREFORE, the United States respectfully demands judgment dismissing the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated: May 18, 2020
      Brooklyn, New York

                                  RICHARD P. DONOGHUE
                                  United States Attorney
                                  *Attorney for Defendant United States of America*
                                  Eastern District of New York
                                  271-A Cadman Plaza East
                                  Brooklyn, New York 11201

                By:       */s/  Ekta R. Dharia*
                                  EKTA R. DHARIA
                                  Assistant United States Attorney
                                  (718) 254-7520
                                  ekta.dharia@usdoj.gov

cc:    **By ECF**
       Deborah S. Kurtz
       Salenger, Sack, Kimmel & Bavaro, LLP
       180 Froehlich Farm Blvd
       Woodbury, New York 11797
       *Attorney for Plaintiff*